UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| MANUFACTURER'S RUBBER & <br> & SUPPLY, INC., d/b/a INDUSTRIAL <br> RUBBER & SUPPLY, <br>     Plaintiff <br><br> Vs. <br><br> ALLSTATE GASKET & PACKING, INC., <br>     Defendant | DOCKET NO.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Manufacturer's Rubber & Supply, Inc., d/b/a Industrial Rubber & Supply ("Plaintiff") is a corporation duly authorized to do business in Massachusetts and has a principal place of business located at 105 South Prospect Street, Haverhill, Massachusetts.

2. Defendant, Allstate Gasket & Packing, Inc. ("Defendant") is a corporation incorporated under the laws of the State of New York with a principal place of business located at 31 Prospect Place, Deer Park, New York.

### JURISDICTION AND VENUE

3. Plaintiff realleges and reavers the allegations contained in paragraphs 1 and 2 above and specifically incorporates them herein.

4. Jurisdiction is based upon diversity of citizenship of the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C., § 1332,

   a) Plaintiff is a United States of America business, duly authorized to do business in Massachusetts and with a principal place of business located in Massachusetts; and,

   b) Defendant is a corporation organized in the State of New York and has a principal place of business in New York.

5. Venue is proper in Massachusetts, pursuant to U.S.C., § 1391(a) and 1391(c). This is a diversity action, the claim arose in Massachusetts and Defendant does business in Massachusetts.

## ACTS AND EVENTS UPON WHICH THIS ACTION IS FOUNDED

6. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 5 above and specifically incorporates them herein.

7. Since 2006, Plaintiff has been a supplier of cloth inserted rubber gaskets to a business, Northrup Grumman, located in Newport News, Virginia ("Grumman").

8. Grumman builds ships and submarines for the United States military and obtains its parts from outside vendors like Plaintiff.

9. All material and parts Grumman uses in the construction of the ships and submarines are required to be made to specific specifications.

10. Grumman sends the specifications to vendors such as Plaintiff.

11. Suppliers, like Plaintiff, are required to forward the specifications to all subcontractors from which it receives materials and parts from.

12. Grumman has requested and received from Plaintiff cloth inserted rubber gaskets that must comply with Federal Specification HH-P-151-Rev. F.

13. Since 2006, Defendant has been as subcontractor/supplier to Plaintiff of the gaskets.

14. Plaintiff would send the plans and specifications to Defendant and Defendant would ship the gaskets to Plaintiff along with a Certificate of Compliance ("Certificates"). (See Broussard Aff. Ex. A).

15. The Certificates sent by Defendant to Plaintiff would reference the customer part number such as NNPN, which stands for Newport News Part Number which meant Grumman.

16. The Certificates would also reference the specification to which the material is to comply with, which in instant action is HH-P-151-Rev.F. The accuracy and veracity of Defendant's Certificates are crucial to Plaintiff's ability to satisfy the stringent specifications governing the gaskets.

17. When Plaintiff receives the gaskets from its subcontractors, including, but not limited to Defendant, it will crosscheck the Certificates with the purchase order numbers and then do random inspections to ensure the thickness, outside diameter and bolt holes of the gaskets conform to plans.

18. Plaintiff relies upon the Certificate provided by its subcontractors/suppliers relative to the gasket material complying with the specification.

19. Plaintiff shipped gaskets with Certificates from Defendant to Grumman.

20. On October 19, 2010, Plaintiff was informed by Grumman that a random inspection of cloth reinforced gaskets had determined that a large number of gaskets shipped by Plaintiff to Grumman did not comply with Specification HH-P-151-Rev.F.

3

21. HH-P-151-Rev.F. Specification required that the gasket material be made of cloth reinforced rubber.

22. The incorrect gaskets provided by Defendant to Plaintiff and shipper to Grumman had gasket material made with rubber reinforced by a nylon type material which does not conform with the specifications.

23. Plaintiff informed Defendant of the situation and asked Defendant who its supplier was, the name and address of the supplier of the rubber sheets from which the gaskets were made and any testing information.

24. The nonconforming gaskets have been used by Grumman in the construction of ships and submarines for the United States military.

25. Without knowing the exact type of material used to reinforce the rubber and without knowing what testing has been done, there is great potential that the gaskets will fail which could endanger the United States Military aboard these ships and submarines.

26. Failure to meet required specifications could have severe consequences, including equipment failure and other personal and property damages suffered by Plaintiff, Grumman and third-party contractors.

27. Defendant refused to provide the requested information to Plaintiff.

28. On November 12, 2010, Plaintiff sent a Demand Letter to Defendant requesting their cooperation in providing the necessary information and access to the documents.

29. Defendant failed and continues to fail to cooperate with Plaintiff or Grumman and refuses to provide the necessary information.

30. Plaintiff has commenced replacing the noncompliant uninstalled gaskets to Grumman at a cost to Plaintiff exceeding $75,000.00. This amount does not include the cost of replacing noncompliant gaskets previously installed.

## CLAIMS FOR RELIEF

### I. (Breach of Contract)

31. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 30 above and specifically incorporates them herein.

32. Plaintiff had a contract with Defendant for Defendant to supply it with gaskets that complied with Federal Specification HH-P-151-Rev.F.

33. Defendant breached its contract with Plaintiff by failing to supply Plaintiff with gaskets that complied with Federal Specification HH-P-151-Rev.F.

34. The failure of Defendant to supply Plaintiff with gaskets that complied with Federal Specification HH-P-151-Rev.F. constitutes a breach of contract to which Plaintiff is entitled to relief as alleged herein. Plaintiff has suffered direct and consequential damages resulting from Defendant's breach of contract.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### II. (Negligence)

35. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 34 above and specifically incorporates them herein.

36. Defendant had a duty to provide Plaintiff with gaskets that complied with Federal Specification HH-P-151-Rev.F.

37. Defendant breached that duty by failing to provide Plaintiff with gaskets that complied with Federal Specification HH-P-151-Rev.F.

38. Defendant's breach of duty is the proximate cause of Plaintiff's injuries and damages as alleged herein.

39. Defendant's actions constitute neglect to which Plaintiff is entitled to relief as alleged herein. Plaintiff has suffered direct and consequential damages resulting from Defendant's negligence.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### III. (Misrepresentation)

40. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 39 above and specifically incorporates them herein.

41. Defendant represented to Plaintiff that if Plaintiff contracted with Defendant to provide Plaintiff with gaskets that complied with certain Federal Specifications that Defendant would do so.

42. Defendant also represented to Plaintiff that Defendant would supply Plaintiff with Certificates of Compliance that indicated that the gaskets complied with Federal Specification.

43. Defendant intentionally made its representations to induce Plaintiff to contract with Defendant for Defendant to supply Plaintiff with gaskets.

44. Plaintiff reasonably relied on Defendant's representations, purchased the gaskets from Defendant and paid for same.

45. Defendant's representations were fraudulent in that its gaskets did not conform to Federal Specification HH-P-151-Rev.F. and its Certificates of Compliance contained fraudulent information.

46. Defendant's misrepresentations have caused Plaintiff to suffer direct and consequential damages.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### IV.   (Unfair Trade Act or Practice)

47. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 46 above and specifically incorporates them herein.

48. Defendant's acts and omissions as alleged herein constitute violations of M.G.L.c. 93A, et al. and have caused Plaintiff to suffer injuries and damages as alleged herein.

49. On November 12, 2010, Plaintiff, via its attorney, sent Defendant a Demand Letter requesting Defendant's cooperation in providing the necessary information and access to documents.

50. On or about November 15, 2010, Plaintiff, via its attorney, received a response from Defendant stating that it refused to produce any information or documents as requested.

51. Defendant's refusal to cooperate with Plaintiff and refusal to comply with Plaintiff's demand has caused Plaintiff to suffer direct and consequential damages as alleged herein.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### V.   (Promissory Estoppel)

52. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 51 above and specifically incorporates them herein.

53. Defendant made promises on which Plaintiff reasonably and substantially relied upon to its detriment, suffering direct and consequential damages as a result. Plaintiff's reliance was foreseeable and injustice can be avoided only by enforcing Defendant's promise.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## VI. (Tortious Interference With Existing Contracts)

54. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 53 above and specifically incorporates them herein.

55. Plaintiff is a party to a variety of executory contracts with third-party entities. Plaintiff relies on subcontractor/supplier's timely and satisfactory compliance with the terms of the purchase orders and specifications required in order to satisfy these third-party contracts.

56. Defendant is aware of Plaintiff's third-party contracts and that Plaintiff relies on subcontractors/supplier's performance in order to satisfy these contracts.

57. By failing to provide gaskets made to required specifications, by falsifying Certificates of Compliance, by failing to provide information and documentation concerning these gaskets and by failing to disclose testing information, Defendant has willfully and intentionally interfered with Plaintiff's third-party contracts.

58. Plaintiff has suffered direct and consequential damages resulting from Defendant's tortious interference with existing contracts.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## VII. (Tortious Interference With Prospective Contracts)

59. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 58 above and specifically incorporates them herein.

60. There is a reasonable probability that Plaintiff would have entered into supply contracts with third parties but for Defendant's wrongful conduct. Plaintiff relies on subcontractors/supplier's timely and satisfactory compliance with the terms of the purchase orders and specifications required in order to enter into these third-party contracts.

61. Defendant's failure to timely comply with the required specifications of its purchase order by Plaintiff and the fact that Plaintiff has been forced to direct resources to investigate and correct problems created by Defendant's failure to comply, has prevented Plaintiff from taking on additional contracts, resulting in further lost profits and consequential damages.

62. By falsifying Certificates of Compliances concerning whether the supplied material conformed with required specifications, by refusing to allow Plaintiff to examine relevant test results and other documents and refusing to cure its defaults, Defendant has willfully and intentionally interfered with these prospective third-party contracts.

63. Plaintiff has suffered direct and consequential damages resulting from Defendant's tortious interference with prospective contracts.

WHEREORE, Plaintiff prays for relief as more fully set forth below.

    VIII.   (Breach of the Implied Covenant of Good Faith and Fair Dealing)

64. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 63 above and specifically incorporates them herein.

65. Defendant is bound by the implied covenant of good faith and fair dealing.

66. Defendant has refused to cooperate with Plaintiff to assess the compliances of the gaskets, to produce related documents, or to provide testing results.

67. Defendant has further knowingly or recklessly supplied false information to Plaintiff and false Certificates of Compliance on which Defendant knew Plaintiff would rely.

68. Plaintiff has suffered direct and consequential damages as a direct result of Defendant's breach of the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

    IX.    (Breach of Express Warranties Under the Uniform Commercial Code)

69. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 68 above and specifically incorporates them herein.

70. Plaintiff is a buyer and Defendant is a seller for the purposes of the Uniform Commercial Code.

71. Defendant sold goods to Plaintiff and made numerous representations to Plaintiff about the quality or characteristics of the goods through affirmation of fact, promise, description or display of a sample or model. These representations became part of the basis of Plaintiff's bargains with Defendant.

72. The goods Defendant delivered to Plaintiff did not conform to their representations.

73. Plaintiff has notified Defendant of its failure to comply with the express warranties.

74. Plaintiff has suffered direct and consequential damages as a result of Defendant's breach of express warranties.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

    X.    (Breach of Implied Warranties Under the Uniform Commercial Code)

75. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 74 above and specifically incorporates them herein.

76. Plaintiff is a buyer and Defendant is a seller for the purposes of the Uniform Commercial Code.

77. The goods Defendant delivered to Plaintiff did not conform to their representations.

78. Defendant sold goods to Plaintiff and made numerous representations to Plaintiff about the quality or characteristics of the goods through affirmation of fact, promise, description or display of a sample or model. These representations became part of the basis of Plaintiff's bargains with Defendant.

79. The goods Defendant delivered to Plaintiff did not conform to their representations. The goods delivered by Defendant were unmerchantable, resulting in direct and consequential damages to Plaintiff.

80. The goods Defendant delivered to Plaintiff also were not fit for the intended purpose for which they were purchased. Defendant knew that Plaintiff was purchasing these specific materials for a particular purpose and to satisfy third-party contracts and that Plaintiff was relying on Defendant's skill and judgment to produce goods fit for that intended purpose. Defendant delivered goods that were unfit for Plaintiff's particular purpose.

81. Plaintiff has repeatedly notified Defendant of its failure to comply with their implied warranties.

82. Plaintiff has suffered direct and consequential damages resulting from Defendant's breach of its implied warranties.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR RELIEF

83. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 82 above and specifically incorporates them herein.

WHEREFORE, Plaintiff prays this Court to enter the following relief:

1. Award Plaintiff judgment in the amount determined by the Court.
2. Award Plaintiff treble damages, pursuant to M.G.L.c. 93A;
3. That Plaintiff be awarded its costs and attorney's fees;
4. The Court issue the following Temporary Restraining Order and/or Preliminary Injunction:

Defendant, its officers, agents, servants, employees and attorneys are hereby enjoined from:

   A. Refusing to produce to Plaintiff or allowing Plaintiff access to the name(s), address(es) and telephone number(s) of the company(ies) that supplied Defendant with the rubber material used to produce the rubber gaskets delivered to Plaintiff between December, 2008 and the present time, pursuant to Purchase Orders beginning with the initials "NNP".

   B. Refusing to produce to Plaintiff or allowing Plaintiff access to all documents and records validating Defendant's compliance with and/or Defendant's suppliers' compliance with Specification HH-P-151-Rev.F.

   C. Refusing to produce to Plaintiff or allowing Plaintiff access to original test reports/information involving the rubber material used in the gaskets delivered to Plaintiff between 2008 and the present time, pursuant to Purchase Orders beginning with initials "NNP".

5. For such other relief as deemed just and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues triable by a jury in instant action.

Dated: February 7, 2011

Respectfully submitted,
MANUFACTURER'S RUBBER &
& SUPPLY, INC., d/b/a INDUSTRIAL
RUBBER & SUPPLY,
By Its Attorneys,

Timothy H. Barnes, Esquire
B.B.O. #549318
HONIG & BARNES LLP
7 Kenoza Avenue
Haverhill, MA  01830
Tel: (978) 374-4420
Fax No.: 978-374-5100
tbarnes@honigbarnes.com

ManufacturersRubberComplaint&DemandForJuryTrial